# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg

**MICHAEL RAY FORTUNA**,

        Plaintiff,

v.

        **CASE NO: 1:19-CV-3**
        Judge Bailey

**MRS. HOFFMAN**, Medical Administrator,
**MRS. KROGAN**, Assistant Medical
Administrator, **MR. DEWAYNE HENDRIX**,
Warden, **MRS. CORBIN**, Physical Assistant,
**N. SHAFFER**, C.O. formerly known as Mrs.
Shafer,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 76]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on January 5, 2021, wherein he recommends the plaintiff's second amended *Bivens* complaint [Doc. 49] be denied with prejudice. For the reasons that follow, this Court will adopt the R&R.

## STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal

1

conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Here, plaintiff timely filed his Objections to the R&R [Doc. 78] on January 21, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

This Court has reviewed the thorough and detailed factual background underlying this case as summarized by Magistrate Judge Aloi in his R&R. See [Doc. 76 at 1–7]. Having compared the same to the entirety of the record before this Court and finding no error in summarization, this Court adopts and incorporates the entirety of both the "Background" and "Relevant Facts" sections of the R&R herein for purposes of conducting the following analysis on review.

### A.     The Pending Bivens Complaint

In his Second Amended Complaint, plaintiff impliedly raises an Eighth Amendment claim of deliberate indifference to serious medical needs, arising out of a June 9, 2017, shoulder injury sustained when plaintiff was using an elliptical machine while incarcerated at FCI Morgantown. [Doc. 49 at 7–8]. Plaintiff contends that the Bureau of Prisons ("BOP") first delayed treating him; and eventually, although he finally did receive some physical therapy, the therapy was eventually terminated; and the BOP has never provided him with the surgery that would repair his injury. [Id. at 8].

Plaintiff also contends that defendant Shaffer lied about him in order to get him disciplined by removing him from the compound. [Id.]. He alleges that defendant Hoffman retaliated against him by leaving him in pain and threatening him in the Special Housing Unit ("SHU") after a friend of plaintiff's called the BOP's Central Office to advise that plaintiff was not receiving proper care. [Id.]. Plaintiff further contends that defendant Krogon helped get him removed from the compound. [Id. at 9]. Plaintiff also implies that he was wrongfully removed from the BOP's Residential Drug Abuse Program ("RDAP"). [Id.].

3

Plaintiff contends he has exhausted his claims. [Id. at 4–6].

As relief, plaintiff seeks $25,000.000.00 in compensatory damages and $20,000,000.00 in punitive damages, as well as $500.00 a day for the rest of his life, for having been rendered "crippled" forever, for his pain, suffering, physical deformity, mental distress; past and future lost wages, future pain and suffering, future medical expenses and medical supplies; lost quality of life; time spent traveling to and from doctors' visits, and the loss of the year he would have had taken off his sentence had he been able to complete the BOP's RDAP. [Id. at 9]. Further, plaintiff requests injunctive relief in the form of surgery to repair his arm and shoulder. [Id.].

### B. Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment

Defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment [Doc. 69], arguing that the second amended complaint should be dismissed or summary judgment granted in their favor for the following reasons: (1) plaintiff failed to exhaust his administrative remedies prior to filing suit; (2) defendant Corbin is entitled to absolute immunity; (3) plaintiff's claims against defendants Hendrix and Hoffman should be dismissed due to lack of necessary requisite personal involvement with the conduct at issue in this suit; (4) plaintiff's ***Bivens*** claims of deliberate indifference to serious medical needs fail because plaintiff cannot demonstrate such deliberate indifference; (5) plaintiff's claims regarding placement in the SHU and transfer to another facility are not cognizable under ***Bivens***; (6) the individual BOP defendants are entitled to qualified immunity because they did not commit any

constitutional violations; and (7) the BOP has broad discretion to transfer, choose, and assign inmate housing. See [Doc. 69].

### C.     Plaintiff's Response in Opposition

In his Response in Opposition [Doc. 75], plaintiff reiterates his arguments and contends he is actually innocent of the charges against him. Plaintiff attaches the same set of exhibits to his Response previously attached to his second amended complaint.

## DISCUSSION

Here, Magistrate Judge Aloi concluded in his R&R that Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment should be granted and plaintiff's second amended *Bivens* complaint be denied with prejudice. See [Doc. 76 at 1]. In support thereof, Magistrate Judge Aloi made several findings based on an extensive review of the record before him. First, he concluded that plaintiff failed to administratively exhaust his claims of deliberate indifference to serious medical needs; wrongful placement in the SHU; wrongful transfer to another facility; and wrongful removal from RDAP. [Id. at 27]. Because of the passage of time, Magistrate Judge Aloi also determined that plaintiff could not complete the exhaustion process under the BOP's administrative remedy procedure, thereby warranting dismissal of the claims with prejudice. [Id.].

Next, Magistrate Judge Aloi concluded that plaintiff's claim alleging a falsely charged disciplinary infraction should also be dismissed. [Id. at 27–28]. In support, the magistrate judge found that, even assuming the charge against plaintiff was false, the act of filing a false disciplinary charge does not itself violate a prisoner's constitutional rights. [Id.].

5

Plaintiff filed eight (8) pages of objections to Magistrate Judge Aloi's R&R. *See* [Doc. 78]. The objections raise no cognizable disagreement with the R&R other than a generalized narrative stating that the purported actions of the defendants alleged in the complaint somehow violate the Eighth Amendment. [Id.].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation ... and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Upon review of plaintiff's objections, this Court finds that, even when construing them with a deferential view benefitting *pro se* litigants, the averments contained therein are so

general that they fail to identify with specificity any portion of the R&R containing legal or factual error. Accordingly, plaintiff's objections are overruled, and this Court will review the entirety of the R&R for clear error.

## CONCLUSION

Having found no clear error in the magistrate judge's well-reasoned and extensive review of the pleadings, petitioner's objections [**Doc. 78**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 76**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment [**Doc. 68**] is **GRANTED**. Accordingly, this Court **ORDERS** that the second amended complaint [**Doc. 49**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

To the extent plaintiff's letters [**Docs. 80, 81 & 83**] are construed as Motions, they are **DENIED AS MOOT**.

This Court further directs the Clerk to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the plaintiff.

**DATED**: October 7, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE